THE M. MORAN.

(District Court, E. D. New York. January 19, 1901.)

SHIPPING—PROCEEDINGS FOR LIMITATION OF LIABILITY—WHEN MAINTAINABLE.

A proceeding by the owner of a tug may be maintained, under Rev. St. U. S. § 4285, for a limitation of liability growing out of the loss of a tow, where the petition shows that separate actions have been instituted against the tug, the charterer, and the petitioner in personam by the owner of the tow on account of such loss, and that other claims are likely to be presented by other parties affected.

In Admiralty. Petition for limitation of liability.

Wing, Putnam & Burlingham, for petitioner.
Boardman, Platt & Soley, for Atlantic, Gulf & Pacific Co.

THOMAS, District Judge. Michael Moran was the owner of the tug M. Moran, which was engaged by Luckenbach to tow a dredge. During the employment the dredge was lost, although her crew were taken off by the tug. The petition shows that the owners of the dredge, to recover damages for her loss, have brought three actions in this court,—one in rem against the tug, one in personam against the owner of the tug, and a third against Luckenbach. The petition also alleges that the petitioner has been informed "that the persons on the dredge lost some of their personal effects at the time the dredge was abandoned, the amount and value of which are unknown,

but the petitioner avers that such other claims for loss of property are liable to be presented to your petitioner." It is contended on the part of the claimant that independent proceedings to limit liability may not be taken, upon the ground that there is only one claim, and can be only one claim. Reliance is placed upon the decision of Judge Brown in The Rosa (D. C.) 53 Fed. 132. In that case the learned judge states:

"There is no averment in the petition that any other claim exists or is likely to arise against the Rosa or her owners out of the trip referred to. There is no intimation nor any suggestion that any additional claim is probable. The nature of the accident, also, namely, the falling down of the passenger in the open hatch of the canal boat, was not such an accident as to affect any other person, or such as is liable to involve any other person unknown."

This expression is not suited to the facts as they appear in the present case, inasmuch as the owners of the dredge have initiated two actions, in each of which the petitioner must seek to limit his liability. Moreover, should recovery be had against the charterers, they in turn might seek to recover any sum compulsory paid by them against the tug or owners, or both, in which case the owner of the tug would be called upon, at least by pleading, to limit his liability. Moreover, the petition gives notice of other possible claims, such as might very readily arise from the nature of the accident. If the facts were similar to those presented in The Rosa, the views of the court in that case would not be easily disregarded, notwithstanding a contrary holding by the United States circuit court of appeals for the First circuit in Quinlan v. Pew, 5 C. C. A. 438–446, 56 Fed. 111–120. It seems proper to allow the valuation of $23,000, already ascertained, to stand in the present proceedings, and permit the independent proceeding to limit the liability to continue.